## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Docket No. _4:21-CV-0038_

MIGUEL MOLINA, File this Civil Action
Individually and on behalf of all others
similarly situated, Plaintiff's:

         V.

K. KAUFFMAN,   Superintendent;

J. SPYKER,     Deputy Superintendent;

G. RALSTON,    Unit Manager;

J. WETZEL,     Secretary, AND ET AL.,

              Defendants.

: : : : : : : : : : :

**JURY TRIAL DEMANDED**

**FILED
SCRANTON**

JAN 0 8 2021

Per_____

DEPUTY CLERK

## CLASS ACTION

## CIVIL RIGHTS COMPLAINT

Civil Action at Law filed by a State Prisoner, Miguel Molina, Plaintiff, against State Prison Officials, Defendants, Acting Under Color of State Law, at the State Correctional Institution At Huntingdon.

Respectfully Submitted,

Miguel Molina, MQ-7522

1100 Pike Street

Huntingdon, PA 16654-1112

## I.    **Jurisdiction And Venue**:

This Honorable Court has jurisdiction over this action pursuant to **28 U.S.C. §§ 1331** and **1343(a)(3)**. The plaintiff also invoke the Court's pendent jurisdiction pursuant to **28 U.S.C. § 1367** to hear and otherwise entertain his ancillary State Law Claims.

The Court's venue is appropriate pursuant to **28 U.S.C. §§ 1391(b)(2)** because the events and omissions given rise to the claims occurred in the Middle District of Pennsylvania.

## II.   **Parties**:

The plaintiff's **Miguel Molina, Jason Cisne, Angel Irizarry, Vann L. Bailey** and **Alexis Maldanado,** are all currently confined at the State Correctional Institution Huntingdon (SCI-Huntingdon) located at 1100 Pike Street, Huntingdon, PA 16654-1112, and has at all times been incarcerated at said Institution during all events described throughout this Complaint.

Defendant **K. Kauffman** is the Superintendent at the State Correctional Institution Huntingdon (SCI-Huntingdon), 1100 Pike

Street, Huntingdon, PA 16654-1112.   He is responsible for the overall general operation within the Institution,  as well as the safety of all prisoners confined at  SCI-Huntingdon.   He  is sued in his **individual** and **official** capacity.

Defendant  **J. Spyker**  is the Deputy Superintendent for  the Centralized  Services,  at  the  State  Correctional  Institution Huntingdon  (SCI-Huntingdon),  1100 Pike Street,  Huntingdon,  PA 16654-1112,  and she is responsible for the safety and well-being of all prisoners confined at  SCI-Huntingdon.  She is sued in her **individual** and **official** capacity.

Defendant  **G. Ralston**  is the  Unit  Manager  at  the State Correctional Institution Huntingdon  (SCI-Huntingdon),  1100 Pike Street, Huntingdon, PA 16654-1112, and he is responsible for  the general operation of  [B-Block  Housing  Unit],  as  well  as the safety and care of all  prisoners  confined on [B-Block].  He  is sued in his **individual** and **official** capacity.

Defendant  **J. Wetzel**  is the Secretary of the  Pennsylvania Department of Corrections, 1920 Technology Parkway, Mechanicsburg PA 17050.  He is responsible for the overall operation of all the prisons and the safety and custody of all prisoners  confined  at the State Correctional Institutions. He is sued in his **individual** and **official** capacity.

3

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|                         |     |                             |
|-------------------------|-----|-----------------------------|
| MIGUEL MOLINA,          | :   |                             |
|             Plaintiff,  | :   | **Civil Action No.** _____ |
|      V.                 | :   |                             |
|                         | :   | **JURY TRIAL DEMANDED**     |
| K. KAUFFMAN, et al.,    | :   |                             |
|             Defendants. | :   |                             |
|                         | :   |                             |

**CLASS ACTION**

**CIVIL RIGHTS COMPLAINT**

### III.  Introduction:

This is a Civil Rights Class Action filed by Miguel Molina, individually and on behalf of all others similarly situated, pursuant to **Fed.R.Civ.P.23(a)** and **23(b)(2),** against various officials of the State Correctional Institution at Huntingdon and the Pennsylvania Department of Corrections (PDC), pursuant to **42 U.S.C. §1983,** alleging violations of the Eighth and Fourteenth Amendments of the U.S. Constitution and State Torts Law.

Thus, the plaintiff seeks to represent the following class or claims, to include all persons who are currently and/or in the future to be housed or incarcerated at SCI-Huntingdon, and  seeks

injective relief, declaratory judgment and monetary compensation for pain and suffering, including, but not limited to, mental and emotional distress.

As a result of the Defendants "deliberate indifference" the prisoners are deprived of their basic human need, and placed in constant danger of losing their lives, and therefore, plaintiff seeks any declaratory or injunctive relief compelling Defendants to correct the unconstitutional environment at SCI-Huntingdon.

The requirements of **Rule 23(a)** and **23(b)(c)**, are satisfied by this Class Action.

## V.    Statement Of Facts:

The living conditions in which the prisoners are subjected at SCI-Huntingdon are "cruel and unusual" by twentieth century standards and are, therefore, unconstitutional.

The Housing Units at SCI-Huntingdon consist of two separate sections called **("High-Side")** and **("Low-Side")** which has three separate tiers per each side with approximately [38] prison cells per each tier.

There are **no windows** in the prison cells or **ventilation system**. As a mean of ventilation or fresh air the prisoners rely on their **6" table fan** which they [must] purchase at a cost of **$10.62** from the institutional commissary. Although there are two fans on each side of the tiers, these fans do not effectively provide adequate air circulation. In the winter, the windows in the common areas of the tiers are closed and during the summer to open the windows the officers [must] push them with a pole, but the majority of these windows are completely sealed. due to such poor air circulation the "heat temperatures" inside the cells **(on some days)** reaches [90] or higher causing severe discomfort. the electrical power on [B-Block] where the plaintiff and members of the class action are housed, is **very weak** and periodically **shuts off** in most of the prison cells. thus, when such power blows for whatever reason, it causes a **chain reaction** which blows the power in other cells leaving the prisoners in pitched darkness and also deprived of proper "air circulation" in which they are subjected to extreme heat temperatures as their **6" table**

**fan** (basis means of ventilation) run on said electrical power of which **("power")** shuts off periodically.

The level of fire protection at SCI-Huntingdon is extremely poor. there are **no** floor slabs between the first tier and the third tier. there are **no** sprinklers inside the cells. there are **no** fire separation materials between the rotunda and cell blocks, and there are **no** electronic cell locking system. there are six dry extinguishers on (B-Block), which are locked inside a cell (commonly referred to as the officers office). Although, a few smoke exhaust fans have been installed on the **roof** of the common areas on the housing unit, they do not effectively provide protection from smoke.

The housing units have three tiers on each side, in which the officers use **padlocks** to secure the cell bars. In addition to the padlocks all cell bars are locked by key. there are **four** officers assigned to the housing units. in the event that a **fire** were to occur at ("SCI-Huntingdon") **[228]** cell bars would have to be individually unlocked throughout every housing

unit.  Even if brave officers stayed on each  floor  of the cell ranges they would have to removed all the padlocks and  then unlock 228 cell bars.  this places all the prisoners in  constant danger of  losing  their lives if a **fire** were to occur  at  SCI Huntingdon.  To complete evacuation of (B-Block Housing Unit), it would take **12** to **17** minutes.  Additional minutes  would  have  to be added for the prisoners to exit out of one of the two doors in the block.  many  prisoners  would  have  to  **travel**  substantial distance to reach fire exits.   this is an  extraordinarily  long time for evacuation because the cell blocks could fill with smoke and heat in **2** to **3** minutes placing numerous of prisoners lives at risk due to the use of padlocks or the lack of an electronic cell locking system.

**Covid-19** is a deadly virus that has  presently  taken  over **306,368** lives  in the United States.   at  "SCI-Huntingdon"  ten prisoners have died from Covid-19.  The Defendants knowingly have maintained conditions that placed  prisoners  at an impermissible high risk of illness and death in two ways. **first,** by maintaining

a dangerously high institutional population; and **second**, by failing to implement needed safety measures that would reduce the risk of infection within the unsafe population level.  the phones are three feet's apart and they are shared in groups of **(10)**. the limited shower-heads are two feet's  apart  and they  are  shared in groups of **(60)** during the majority of the  **pandemic**.  Likewise trips to the clinic are made in groups of **(60)** and once there the prisoners must wait shoulder-to-shoulder while waiting for  their medication.  the prisoners are  required  to  line up  less  than three feet  apart  to participate from  outdoor  recreation  in a space shared with prisoners from quarantine cells.  During  meal distribution, the prisoners are required to line up  shoulder-to-shoulder three times per day to receive  their  meals.  Staff and prison officials who have tested positive for **Covid-19,** are allow to return to work during their  isolation  period. these officers are now  **"asymptomatic"**  and despite the Defendants knowledge  of such deadly virus, they have and continue to allow these officers and staff to prepared and distribute the prisoners meals and work on the housing units with prisoners who have not tested  positive

for **Covid-19,** which places the prisoners in **imminent** **danger** of contraction such deadly virus. Officer Kauffman, Officer Moore Officer Snook, Sergeant Imler, Sergeant J. Nicklow, and Counselor K. EcKenrod, they are **"asymptomatic"** and yet they are permitted to prepared or distribute our meals.  The above-named officers and staff are **reckless,** and have intentionally disregarded the necessary safety precaution by intentionally removing their mask or by not wearing or exchanging their gloves while distributing meals ect, and for that reason numerous of prisoners refuses to accept their meals as a form of safety precaution.

The size of the cells are approximately **56** square feet. the cells are so tiny, only one prisoner at a time can **stand** in the cell the other must lie on the bed. the unobstructed space in the **56** square feet cell amount to approximately **[23]** square feet, **11½** square feet per prisoner.  No cell has **room** to permit physical exercises.  these who are assigned to a double-cell while tending to their most basic daily needs require close contact with their cellmates.  prisoners are required to be locked in their cell **23** hours per day and on many occasions they are locked in **24** hours

per day while being denied showers for **nearly** two weeks, as well as outdoor recreation.

SCI-Huntingdon has been severely overcrowded since the year the institution began "double-celling" prisoners. during this Covid-19 pandemic, numerous of prisoners have been subjected to live in areas (commonly referred to as the institutional gym) due to unavailable cell space. these prisoners are "subjected" to shared one toilet and one shower with [32] other prisoners. the prisoners are only permitted access to cleaning supplies one day out of the week, and no access to hand sanitizer that contains at least **60%** alcohol, nor gloves or bleach, and are **only** provided with two masks every **six** months, which violates the guidelines set forth by the Centers for Disease Control (CDC).

Lastly, it is respectfully submitted that SCI-Huntingdon do not have an **infirmary**. these who have tested positive for Covid-19, are living amongst these who test **negative**. this places prisoners at risk of death, and these who survive may experience permanent organ and neurological damage.

## VI.   CLASS ACTION ALLEGATIONS:

On April 16,2020, **Mr. Irizarry** provided a report of [his]

health and safety concerns to Defendants, Spyker and Kauffman

in regards to the lack of adequate [CDC] recommendations being

implemented by prison officials.  Mr. Kauffman than forwarded the

report to Defendant Ralston which said **"report"** consist of  the

officers and staff failure to wear mask or gloves while preparing

and distributing **meals**.  Mr. Irizarry's concerns were  neglected,

and thereafter, he submitted multiple  grievances  pertaining  to

the lack of adequate social distancing, including but not limited

to, officers and staff  failure  to utilized  personal protective

equipment (mask) or (gloves), the  **deprivation**  of  showers  and

outdoor recreation.  However, the Defendants ignored the problems

and waited months to make any changes, which  such  **changes**  were

inadequate and inconsistent with  [CDC]  guidelines, resulting in

Mr. Irizarry contracting Covid-19.

On September 24,2020,  Mr. Irizarry submitted an additional

grievance stating that the prisoner who is housed on [8 cell] had

**12**

tested positive for Covid-19, and despite the fact that said prisoner had contracted Covid-19, and spreading such deadly virus **no** other prisoner or staff who came in contact with said prisoner was given a Covid-19 test, which resulted in numerous of other prisoners being infected with such deadly virus. Further, Mr. Irizarry **argued** within his grievance appeal the **"lack"** of ventilation system inside the cells, which causes [him] severe discomfort caused by the extreme heat temperatures. Pursuant to [CDC] recommendations, which states in part: Every Facility that has cells with open bars **must** have an empty cell between every occupied cell, especially in a environment where there is no air circulation. [CDC] recommendation includes that **all** facilities must have adequate ventilation. This is SCI-Huntingdon biggest problem, all cells have open bars with **no** protection from germs or disease such as Covid-19. The Defendants awareness of the risk of the conditions of confinement in relation to Covid-19 and their failure to take reasonable measures to prevent the spread of Covid-19, constitutes an act of "Deliberate Indifference" to Mr. Irizarry's health or safety.

13

As a result of Defendants failure to take reasonable safety measures to prevent the spread of "Covid-19", Mr. Irizarry has contracted Covid-19, and is now suffering from lung damages, and respiratory problems.

The Housing Unit where **Mr. Cisne** is being housed consist of two separate sections called [**CA** and **CB**] which has four tiers on each side with approximately [38] prison cells per each tier.

While housed on [C-Block], Mr. Cisne witnessed one **"empty"** cells on said housing unit **catch** on fire in the middle of the night due to the inadequacy electrical system at SCI-Huntingdon. the housing unit was fill with smoke within [3 to 5] minutes, and it took the Unit Officers approximately **[36]** minutes to complete evacuation, which Mr. Cisne was subjected to inhaled toxic smoke during the course of evacuation placing him in danger of losing his live. Mr. Cisne submitted his grievance in relation to this matter, but his health and safety concerns were not addressed to his satisfaction.

C-Block has been deem **("condemned")** by the Pennsylvania

Department of Labor and Industry (L & I).  The  floor   is
caving in and the foundation is being  held  with  **hydraulic pump**
**jacks.**  the fourth tier **shakes** every time we walk back and forth,
and despite the  Defendants  knowledge of said housing unit being
unsafe, they continue to housed prisoners on  said  housing unit.

Defendant Ralston is also the Unit Manager of [C-Block] and
he has neglected Mr. Cisne's health and safety concerns including
but not limited to, the fire safety hazards, the lack of ventilation
system inside the cells,  and  have refused to move Mr. Cisne  to
a safe housing unit. As a result of Defendants failure to correct
the unconstitutional environment,  places  Mr. Cisne  in constant
danger of losing his live if another  **fire**  were to occur, and/or
if the fourth tier were to collapse due to the  **weakness**  of  the
foundation.  Furthermore,  Mr. Cisne states that his  health  is
at risk due to the continued exposure of Covid-19, and Defendants
failure to take reasonable safety measures to prevent the  spread
of such deadly virus, which has taken the  **lives**  of numerous  of
prisoners at SCI-Huntingdon, due to the  Defendants  **"failure"** to
exercise the degree of care.

15

On August 18,2020, **Mr. Bailey** filed his grievance stating that the deprivation of adequate air circulation caused by the lack of ventilation system inside the cells is causing him severe discomfort, nose bleed, and sleep deprivation due to the extreme heat temperatures inside the cells. within Mr. Bailey's grievance he presented a valuable question which is, why is it that every employees office, they have **air conditioner** and the prisoners cells have **no** air circulation. Mr. Bailey's question was ignored and his health concerns were not addressed to [his] satisfaction.

The Defendants **failure** to correct the unconstitutional environment, including but not limited to the fire safety hazard, the lack of implementation of safety measures to prevent the spread of Covid-19, places Mr. Bailey in constant **danger** of losing his live if a **fire** were to occur, and/or by contracting Covid-19, due to the Defendants failure to implement adequate safety measures, such as social distancing during our most basic daily needs which requires **close** contact with other prisoners, including these who are **asymptomatic** who are subjected to live amongst prisoners who have tested negative for Covid-19, which

places the prisoners health at risk of serious illness or death from exposure to Covid-19.

Before contracting Covid-19 **Mr. Maldanado** submitted a few DC-135A Request To Staff, to Defendant Ralston, Defendant Spyker and Defendant Kauffman, complaining about the officers and Staff not wearing mask or gloves while preparing or distributing meals. Defendants ignored Mr. Maldanado's health and safety concerns despite their knowledge that numerous of these staff and officers who are preparing our meals are **"asymptomatic"** which places the prisoners at risk of contracting Covid-19.

Furthermore, Mr. Maldanado states that the Defendants have failed to provide a plan to separate the prisoners who has tested positive for Covid-19 to minimized their exposure to prisoners who test negative. the Defendants have also failed to provide a plan for minimizing prisoners exposure to staff who test positive for Covid-19. As a result of the Defendants failure to implement [CDC] recommendations, including but not limited to, adequate social distancing. even during our most basic daily needs require

close contact with other prisoners, including these who are asymptomatic which subjected Mr. Maldanado to an unreasonable risk of contracting Covid-19, and he is now suffering from lung damages and respiratory problems.

Mr. Maldanado also filed his grievances in reference to the fire safety hazards and the lack of ventilation system inside the cells which causes him severe discomfort due to the extreme heat temperatures inside the cells which contributes towards **Maldanado** respiratory problems due to the heat and **poor** air circulation. Defendants continues to disregard Mr. Maldanado health and safety concerns which places him in constant danger of serious illness or possible death.

**Mr. Molina** states that he has used the prison's grievance system to try and resolve the issues regarding the fire safety hazards, the Defendants **failure** to implement adequate safety measures to prevent the spread of Covid-19, the deprivation of showers, outdoor recreation, the officers and staff failure to wear mask or gloves while preparing or distributing meals, and

The lack of ventilation system inside the cells. Defendant, Ralston, Spyker, and Kauffman has acknowledged **Molina's** health and safety concerns, but failed to take reasonable measures to correct the Covid-19 issues described throughout this complaint and the unconstitutional environment in reference to the fire safety hazards, lack of ventilation system, deprivation of shower and outdoor recreation.

On numerous occasions Mr. Molina sent letters to Defendant Wetzel in regards to the lack of ventilation system, fire safety hazards, the size of the cells, and Covid-19 concerns addressed throughout this Complaint. Nevertheless, Mr. Molina's concerns were not addressed to his satisfaction and therefore, he filed this Complaint in a form of a Class Action. As a result of the Defendants failure to correct the unconstitutional environment, including but not limited to, the lack of ventilation system. Mr. Molina has been subjected to extreme heat temperatures during the day and night, Specifically, during the **"summer time"** which causes him severe discomfort causing him **sleep** deprivation and

occasionally nose bleed.  Furthermore,  Mr. Molina    states

that the Defendants have  implemented  procedures that  makes  it

impossible to maintain  adequate  social  distancing,  and  their

failure to housed prisoners who are **asymptomatic**  in a different

housing unit, separated from these who have yet to test  positive

for Covid-19, places  **Molina**  at risk of contracting such  deadly

virus, subjecting him to serious illness or possible death.  Also

the failure to provide adequate  fire  safety  equipment,  places

Mr. Molina in constant danger of losing his live if a  **fire**  were

were to occur at SCI-Huntingdon.


## VII.  Defendants Acted with Deliberate Indifference:

Although the  Complaint  does not allege that  any  of  the

Defendants caused or were  directly  involved  in subjecting  the

plaintiff and class members to these conditions, it  does  states

that Defendants  "knew"  of these conditions and failed to act or

were "deliberate indifference"  to plaintiff  and  class members

conditions of confinement which pose a **threat** to prisoners health

or safety.   Defendant Ralston work in the housing units and have

received numerous of daily Complaints in regards to the unconstitutional environment, including, but not limited to, the Covid-19 issues described within this Complaint. Nevertheless, Defendant Ralston continues to **neglect** the prisoners pleadings for resolution of health and safety concerns.

Defendant Spyker and Kauffman **"tours"** the housing units and make policy decisions regarding the conditions of confinement in the housing units, including but not limited to the lack of ventilation system inside the cells, the fire safety hazards, and they are all responsible for implementing safety measures to prevent the spread of such deadly virus, which **they** have failed to exercise the degree of care that guarantee the safety of all prisoners, and therefore they are all liable under the deliberate indifference standard which requires actual knowledge of the risk of the conditions of confinement to the inmates health or safety. Defendant Wetzel also **"tours"** the housing units and make policy decisions regarding the conditions of confinement in the housing units. on numerous occasions Mr. Molina sent letters to Wetzel

21

in reference to the lack of ventilation system inside the cells, and the fire safety hazards. Nevertheless, the Defendant Wetzel has **"failed"** to take reasonable measures to correct the unconstitutional environment despite his knowledge that such conditions places the prisoners in constant **"danger"** of losing their lives if a fire were to occur at SCI-Huntingdon.

## VIII. Claims For Relief:

### FIRST CAUSE OF ACTION

Plaintiff, Miguel Molina, and members of the Class Action re-alleges paragraph ## as if fully states herein.

Each Defendant, individually and collectively has violated the plaintiff's Eighth and Fourteenth Amendments rights by acts and omissions manifesting a "deliberate indifference" to the deprivation of Minimal Civilized Measures of Life's Necessities in reference to the lack of ventilation registers system inside the prison cells.

Ventilation is a fundamental attribute of **"shelter"** and **"sanitation"** both of which are basic Eighth Amendment concerns.

The lack of ventilation system at SCI-Huntingdon, not only significantly increases the risk of transmission of **"airborne"** diseases, but also results in excessive odors, heat and humidity.

In this case, the plaintiff, Mr. Molina and members of the class have been subjected to **(24)** hour lock-down with no showers for nearly two weeks, in the middle of the **("Covid-19")** pandemic, surrounded by prison officials and staff who refuses to wear mask or gloves, spreading such deadly virus. Prison officials violate the Eighth and Fourteenth Amendment when they **fail** to response reasonably to a "known" substantial risk of serious harm, such as "exposure to a serious, communicable disease". Moreover, the lack of ventilation coupled with double-celling increases the likelihood of diseases, as well as frustration brought on by uncomfortable temperatures and odors.

The Defendants repeated failure to enact adequate social distancing measures, places Molina and class members in constant danger of serious **illness** or possible **death**. Also, the lack of ventilation system has caused Molina and class members, severe

23

discomfort, including but not limited to sleep deprivation,
occasionally nose bleed, mental and emotional distress due to the
extreme heat temperatures caused by the lack of ventilation
system.

## IX.   SECOND CAUSE OF ACTION:

Plaintiff, Miguel Molina, and members of the Class Action
re-alleges paragraph ## as if fully states herein.

Each Defendant, individually and collectively has violated
the plaintiff's Eighth and Fourteenth Amendments rights by acts
and omissions manifesting a "deliberate indifference" due to
their failure to respond reasonably to a known, substantial risk
of serious harm, such as "exposure to a serious, communicable
disease".

Defendants were subjectively aware of the gravity of the
threat posed by Covid-19, and the risk posed by overcrowding. the
risk could be effectively abated by lowering the jail population,
and yet they did not take that step "knowing" that reducing the
population is necessary to prevent the spread of infection.

In this case, Defendants implemented procedures that makes it impossible to maintain adequate social distancing. even during the prisoners most basic daily needs requires close contact with other prisoners. The limited shower-heads are two feet apart and they are shared by groups of **60.** the phones are three feet apart and they are shared by groups of **10.** during outdoor recreation prisoners are placed in a space shared with prisoners that were on quarantine after testing positive for Covid-19. trips to the clinic are made in groups of **60** and once there the prisoners must wait shoulder-to-shoulder while medical staff distribute their medications. Also prisoners were subjected to live in areas (commonly referred to as the institutional gym) or **basement** which is located on [FB] (commonly referred to as the dorms). The cells has no room to permit physical exercise. the unobstructed space in the **56** square feet cells amount to approximately **23** feet, or **11½** square feet per inmate, this places inmates on **edge** due to such deadly virus, and the fact that they are "elbow to elbow", increases a very dangerous situation caused by insufficient cell

25

space, while being lock-down **23** hours per day, and at times **24** hours per day with no showers or outdoor recreation for nearly two weeks, with **no** ventilation system inside the cells and only permitted "cleaning" "supplies" one day out of the week, and permitted to "exchanged" their "mask" every six months. said conditions of confinement described herein are sufficient to trigger an Eighth Amendment violation.

### X.    **THIRD CAUSE OF ACTION:**

Plaintiff, Miguel Molina, and members of the class Action re-alleges paragraph ## as if fully states herein.

Each Defendant, individually and collectively has violated the plaintiff's Eighth and Fourteenth Amendments rights by acts and omissions manifesting a "deliberate indifference" due to their refusal to correct fire safety hazards.

The Eighth Amendment ensures that inmates will be provided with adequate fire protection during confinement. Accordingly, inmates have a right to be **free** from an unreasonable risk of injury or death by fire.

In this case, there are no "sprinklers" inside the cells, there are no floor slab between the second and third floor, there are no fire separation materials between the rotunda and cell blocks. there is no electronic cell locking system, and there are only four officers assigned to each housing unit.

The officers utilize padlocks to secure all cell bars. also in addition to the padlocks, all cell bars are locked by **"key"**. in the even of a fire, the officers would have to unlock by hand all these padlocks, and than, open 228 cells before the inmates could be released.

With the fire-safety problems at "SCI-Huntingdon" and the number of inmates housed here, and the numbers of locks, and padlocks that would have to be unlocked by either two or three officers, it is doubtful that the inmate's could be removed without loss of life occurring.

The Defendants failure to provide adequate safety equipment places the inmates in constant danger of losing their life if a fire were to occur at SCI-Huntingdon.

## XI.    **FOURTH CAUSE OF ACTION:**

Plaintiff, Miguel Molina, and  members  of the Class Action re-alleges paragraph ## as if fully states herein.

Each Defendant, individually and collectively has  violated the plaintiff's  Eighth and Fourteenth Amendments rights by  acts and omissions manifesting a "deliberate indifference" by  moving prisoners into portions of the institution that are unsafe and/or lack occupancy permit which subject prisoners to an  unreasonable risk of serious injury or death.

In this case, All Defendants are aware that [C-Block] where Mr. Cisne is currently housed is  **"condemned"** and is consider  a fire death trap, and yet they continue to housed the prisoners in such unsafe environment. The fourth tier  **shakes** every time  we walk back and forth due to the weakness of the foundation,  which is being held with **hydraulic pump jacks** that have been  installed underneath [C-Block].  Whenever said tier decide to **collapse** many will die, and these who survive may experience permanent damages. Such living conditions places the prisoners and staff members  in constant danger of serious harm or possible death.

## XII.  Relief:

Plaintiff Miguel Molina, on behalf of himself and on behalf of all members of the **Class Action**, seeks an Injunction enjoining the Defendants to immediately take appropriate steps to correct the unconstitutional conditions of confinement in which plaintiff and members of the Class remains facing irreparable harm to their well-being, including, but not limited to, long-term health effects, severe illness, or possible death;

Plaintiff and Class Members seeks a Declaratory Judgment with respects to such violations of their Constitutional rights and;

$100,000,00 in Compensatory Damages against each Defendant jointly and severally for pain and suffering to, include mental and emotional distress;

$100,000,00 in Punitive Damages against each Defendants;

Such other relief as the Court's deem just and fair.

29

Respectfully Submitted,

*Alexis Maldanado*

**Alexis Maldanado, FY-9660**

SCI-Huntingdon

1100 Pike Street

Huntingdon, PA 16654-1112

*Miguel Molina*

**Miguel Molina, MQ-7522**

SCI-Huntingdon

1100 Pike Street

Huntingdon, PA 16654-1112

*Vann L. Bailey*

**Vann L. Bailey, BE-5699**

SCI-Huntingdon

1100 Pike Street

Huntingdon, PA 16654-1112

*A. Irizarry*

**Angel Irizarry, EM-8798**

SCI-Huntingdon

1100 Pike Street

Huntingdon, PA 16654-1112

*Jason Cisne*

**Jason Cisne, JJ-9410**

SCI-Huntingdon

1100 Pike Street

Huntingdon, PA 16654-1112

December 30,2020

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MIGUEL MOLINA,                    :

        Plaintiff,                :

                            :    **Civil Action No.** _____

     V.                            :

                            :    **JURY TRIAL DEMANDED**

K. KAUFFMAN, et al.,              :

        Defendants.               :

                            :

## DECLARATION OF THE PLAINTIFF, MIGUEL MOLINA

    The plaintiff, Miguel Molina, hereby declare under penalty of perjury that the statement(s) and information set forth in the foregoing Class Action Civil Rights Complaint, are true and correct to the best of Plaintiff's knowledge and belief. Plaintiff makes this declaration according to the penalties of **28 U.S.C. § 1746.**

                                 Respectfully Submitted,

                                 By: _Miguel Molina_

                               Miguel Molina, MQ-7522

                               1100 Pike Street

December 30,2020             Huntingdon, PA 16654-1112

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXIS MALDANADO,

          Plaintiff,

       V.

K. KAUFFMAN, et al.,

          Defendants.

:
:
:
:
:
:
:
:
:

**Civil Action No.** _____

**JURY TRIAL DEMANDED**

## DECLARATION OF THE PLAINTIFF, ALEXIS MALDANADO

The plaintiff, Alexis Maldanado, hereby declare under penalty of perjury that the statement(s) and information set forth in the foregoing Class Action Civil Rights Complaint, are true and correct to the best of Plaintiff's knowledge and belief. Plaintiff makes this declaration pursuant to the penalties of **28 U.S.C. § 1746.**

Respectfully Submitted,

By: _Alexis Maldanado_

    Alexis Maldanado, FY-9660

    SCI-Huntingdon

    1100 Pike Street

December 30,2020             Huntingdon, PA 16654-1112

# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VANN L. BAILEY,                                  :

        Plaintiff,                            :

                         :     **Civil Action No.** _____

    V.                                           :

                         :     **JURY TRIAL DEMANDED**

K. KAUFFMAN, et al.,                             :

        Defendants.                           :

                         :

## DECLARATION OF THE PLAINTIFF, VANN L. BAILEY

The plaintiff, Vann L. Bailey, hereby declare under penalty of perjury that the statement(s) and information set forth in the foregoing Class Action Civil Rights Complaint, are true and correct to the best of Plaintiff's knowledge and belief. Plaintiff makes this declaration pursuant to the penalties of **28 U.S.C. § 1746.**

Respectfully Submitted,

By: *Vann L. Bailey*

Vann L. Bailey, BE-5699

SCI-Huntingdon

1100 Pike Street

December 30,2020                    Huntingdon, PA 16654-1112

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JASON CISNE,

        Plaintiff,

    V.

K. KAUFFMAN, et al.,

        Defendants.

:
:
:
:
:
:
:
:

**Civil Action No. _____**


**JURY TRIAL DEMANDED**


## DECLARATION OF THE PLAINTIFF, JASON CISNE

The plaintiff, Jason Cisne, hereby declare under penalty of perjury that the statement(s) and information set forth in the foregoing Class Action Civil Rights Complaint, are true and correct to the best of Plaintiff's knowledge and belief. Plaintiff makes this declaration pursuant to the penalties of **28 U.S.C. § 1746.**


Respectfully Submitted,

By: _____

Jason Cisne, JJ-9410

SCI-Huntingdon

1100 Pike Street

December 30,2020                Huntingdon, PA 16654-1112

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANGEL IRIZARRY,

          Plaintiff,

    V.

K. KAUFFMAN, et al.,

          Defendants.

:
:
:
:
:
:
:
:
:

**Civil Action No.** _____

**JURY TRIAL DEMANDED**

## DECLARATION OF THE PLAINTIFF, ANGEL IRIZARRY

The plaintiff, Angel Irizarry, hereby declare under penalty of perjury that the statement(s) and information set forth in the foregoing Class Action Civil Rights Complaint, are true and correct to the best of Plaintiff's knowledge and belief. Plaintiff makes this declaration pursuant to the penalties of **28 U.S.C. § 1746.**

Respectfully Submitted,

By: _A. Irizarry_

Angel Irizarry, EM-8798

SCI-Huntingdon

1100 Pike Street

December 30,2020                Huntingdon, PA 16654-1112

35

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MIGUEL MOLINA,

      Plaintiff,

    V.

K. KAUFFMAN, et al.,

      Defendants.

:
:
:    **Civil Action No. _____**
:
:
:    **JURY TRIAL DEMANDED**
:
:
:

## CERTIFICATE OF SERVICE

Plaintiff, **Miguel Molina, Alexis Maldanado, Vann L. Bailey, Angel Irizarry, Jason Cisne,** hereby certifies that a true and correct copy of the foregoing Class Action Civil Rights Complaint was severed upon the following person(s), via, **First Class U.S. Mail,** on this date:  **December 30, 2020**

Respectfully Submitted,

The Office of the Clerk of Court
The United States District Court
Middle District of  Pennsylvania
P.O. Box 1148
Scranton, PA 18501

**Prison Address**

SCI-Huntingdon

1100 Pike Street

Huntingdon, PA 16654-1112

By: _____

**Miguel Molina, MQ-7522**

_____

**Alexis Maldanado, FY-9660**

_____

**Vann L. Bailey, BE-5699**

_____

**Angel Irizarry, EM-8798**

_____

**Jason Cisne, JJ-9410**

36

Dated:  December 30,2020


To:    The Office of the Clerk of Court

       The United States District Court

       Middle District of  Pennsylvania

       P.O. BOX 1148

       Scranton, PA 18501


From: Miguel Molina, [MQ-7522]

      1100 Pike Street

      Huntingdon, PA 16654-1112


       RE:  **Miguel Molina, et al.,  V.  K. Kauffman, et al.,**


Dear Clerk:

     Please find enclosed for filing in the Court  with  respects
to the above-captioned matter, the original of Plaintiff's  Class
Action Civil Rights Complaint, which include the  Application  to
Proceed In Forma Pauperis, U.S. Marshals Forms, notice if lawsuit
and waiver of the service of summons.  I thank you for your  time
regarding this matter.

                         Respectfully Submitted,

                    By: _Miguel Molina_

                         Miguel Molina,   Plaintiff

Smart Communications/PADOC

SCI- Huntingdon

Name Miguel Molina

Number MQ 7522

PO Box 33028

St Petersburg FL 33733

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS



ZIP 15 52 $ 007.85
02 4W
000 372161 JAN 04 2021

RECEIVED
SCRANTON

JAN 0 8 2021

PER_____ DEPUTY CLERK



UNITED STATES
POSTAL SERVICE

USPS TRACKING #

9114 9023 0722 4287 1942 03



PRIORITY
★ MAIL ★

TRACKED
★ ★ ★
INSURED
★

UNITED STATES
POSTAL SERVICE

For Domestic and International Use    Label 107R, May 2014

To: The office of the clerk of court
The united States District Court
Middle District of Pennsylvania.
P. O. Box 1148
Scranton, PA 18501