IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL IRIZARRY, | : Civil No. 4:22-CV-1892 |
| | : |
| Plaintiff, | : |
| | : (Judge Munley) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| K. KAUFFMAN, et al., | : |
| | : |
| Defendants. | : |

MEMORANDUM OPINION AND ORDER

I. Statement of Facts and of the Case

This is a *pro se* civil rights action brought by the inmate-plaintiff, Angel Irizzary. Irizzary, who is currently incarcerated in the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution at Dallas, against several correctional staff and John Wetzel, the former Secretary of the DOC. In the Fourth Amended Complaint (Doc. 224), which is currently the operative pleading, the plaintiff asserts an Eighth Amendment conditions of confinement claim against former Secretary Wetzel, alleging that Wetzel caused him to be confined in conditions that were dangerous, unsafe, and harmful while

Irizarry was housed at SCI Huntingdon.[1] (Doc. 224, ¶¶ 164-65).

Irizarry has now filed a motion to compel discovery, in which he requests supplemental responses from Defendant Wetzel with respect to his answers to interrogatories, as well as his responses to the plaintiff's requests for admissions and production of documents. (Doc. 257). For his part, Wetzel contends that the information Irizarry is requesting pertains to Count II of the complaint, which has been dismissed, and therefore Irizarry is not entitled to further responses. (Doc. 263). After consideration, we agree with the defendant, and Irizarry's motion to compel will be denied.

## II.  Discussion

Rule 37 of the Federal Rules of Civil Procedure provides that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). Generally, the scope of discovery is defined as:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

---

[1] While Irizarry brought this claim against other correctional defendants, Wetzel is the only remaining defendant as to this claim. (*See* Docs. 236, 247).

> relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Resolution of disputes regarding the scope of discovery rest in the discretion of the Court and will not be disturbed absent an abuse of that discretion. *See Sadi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)) ("When a magistrate judge's decision is on a highly discretionary matter, courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard.").

"To determine the scope of discoverable information under Rule 26(b)(1), the Court looks initially to the pleadings," *Trask v. Olin Corp.* 298 F.R.D. 244, 263 (W.D. Pa. 2014), as "[d]iscovery should be tailored to the issues involved in the particular case." *Kresefki v. Panasonic Communications & Systems Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). We begin with the presumption that "all relevant material is discoverable[.]" *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). However, the burden to

3

show that the information sought is relevant falls to the party seeking to compel discovery. *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

In the instant case, Irizarry seeks to compel supplemental responses from Defendant Wetzel with respect to his answers to interrogatories, as well as his responses to the plaintiff's requests for admissions and production of documents. (Doc. 257). Irizarry attaches his discovery requests, the majority of which appear to pertain to information regarding the DOC's response to the COVID-19 pandemic. (*See* Docs. 257-3—257-9). For example, in Irizarry's first request for admissions, he requests that Wetzel admit "that SCI Huntingdon was orginaly (sic) conceived, designed and built in an era when American medicine dismissed the idea of unseen germs or pathogens" based on Wetzel's Senate testimony in May of 2020 regarding the COVID-19 pandemic. (*See* Doc. 257-3 at 5). In his first request for interrogatories, Irizarry similarly requested information based on Wetzel's 2020 Senate testimony. (*See* Doc. 257-5 at 4-7). Additionally, in his request for production of documents, Irizarry requested documents based on

4

Wetzel's Senate testimony, as well as information related to SCI Huntingdon during COVID-19. (*See* Doc. 257-6 at 3-6). Wetzel objected to these requests on the basis that the information requested pertained to Count II of the complaint, which has been dismissed.

After consideration, we agree with the defendant and conclude that Irizarry's requests do not pertain to the remaining claim against Defendant Wetzel. Count I asserts a conditions of confinement claim against Wetzel, alleging that Irizarry was housed in a dangerous and unsafe environment at SCI Huntingdon. This claim is largely based on allegations in the Fourth Amended Complaint regarding the structural integrity of SCI Huntingdon, including the size of the cells, the lack of proper ventilation, the state of the shower rooms, and other allegations of mold, asbestos, and a tainted water supply. (*See* Doc. 224 ¶¶ 21-45). As we have discussed, Irizarry's discovery requests seek information, documentation, or admissions regarding the COVID-19 pandemic and Wetzel's or the DOC's responses to the pandemic. While Irizarry did assert a claim regarding deliberate indifference to COVID-19, this claim has been dismissed. (Docs. 236, 247). Therefore, we cannot conclude that

5

Irizarry's requests for information related to Wetzel's or the DOC's response to the COVID-19 pandemic are relevant to his claim in Count I against Defendant Wetzel. Accordingly, Irizarry's motion to compel will be denied.

### III. Order

For the foregoing reasons, IT IS HEREBY ORDERED THAT the plaintiff's motion to compel (Doc. 257) is DENIED.

IT IS FURTHER ORDERED THAT the plaintiff shall file his brief in opposition to the defendant's motion for summary judgment **on or before October 8, 2024.**

So ordered this 17th day of September 2024.

*S/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge